JOSEPH BIOTTI, JR., & others,[1] trustees,[2] *vs.* BOARD OF
SELECTMEN OF MANCHESTER
(and four companion cases[3]).

Nos. 86-503, 86-504, 86-505, 86-506 & 86-520.

Essex. December 2, 1987. — April 19, 1988.

Present: BROWN, WARNER, & FINE, JJ.

*Practice, Civil,* Injunction, Appeal. *Injunction. Municipal Corporations,*
By-laws and ordinances, Earth removal. *Zoning,* Material removal.

Statement of the standard of review applicable to an appeal under G. L.
c. 231, § 118, second par., from the granting or denial of preliminary
injunctive relief when the dispute is not between private parties. [640]
In an action for judicial review of a decision by the zoning board of appeals of
a town, which had determined that the plaintiffs' earth removal operation
was violating a provision of the town's zoning by-law and had directed
the building inspector to order that the operation cease, the judge did
not abuse his discretion in denying injunctive relief from the board's
order, where he could reasonably and properly conclude that the plaintiffs
were unlikely to prevail on their contention that the applicable portion
of the by-law, including language specifying the uses permitted as of
right within the designated district, was invalid on its face. [641-643]

CIVIL ACTIONS commenced in the Superior Court Department
on December 9, 1983; January 19, 1984; January 9, 1985; and
May 24, 1985, respectively.

Motions for preliminary injunctive relief were heard by
*Maurice Schwartz,* J., sitting under statutory authority.

---

[1] Gilbert P. Leonard, Jr., and Paul F. Lorenz.

[2] Of the Masconomo Realty Trust.

[3] The single issue on appeal in all five cases (Superior Court docket nos.
83-2944, 84-117, 85-64, and 85-1294 and Appeals Court docket no. 86-
0042-CV) is whether injunctive relief in favor of Masconomo is proper. In
addition to the board of selectmen, the defendants include the board of
appeals of Manchester and various abutters. The Superior Court cases have
been consolidated below. See also note 8, *infra.*

A petition filed in the Appeals Court on January 28, 1986, was heard by *Kass, J.*

*Loyd M. Starrett* (*Matthew D. Baxter & David M. McCarthy* with him) for the plaintiffs.

*Elizabeth A. Lane* for Board of Selectmen of Manchester & another.

*James T. Ronan & Mary P. Harrington,* for James Osborne & another, submitted a brief.

BROWN, J. Since at least 1980, Masconomo Realty Trust (Masconomo) and its predecessor, Bass River Realty Trust, have carried on earth removal operations on a parcel near Atwater Avenue in the town of Manchester, purportedly in preparation for construction of office buildings.[4] The parcel is located in an area of the town designated as a "limited commercial" district. The operation includes the excavation of rock through blasting and the crushing, sorting, and commercial sale of rock on the premises and the hauling away of rock and other by-products of the blasting. Masconomo claims such activities are lawful and required to prepare the site for a use permitted under § 4.4.1 of the local zoning by-law.[5] Abutters, doubtful of the true purpose of the earth removal operations, sought enforcement of the zoning by-law against Masconomo, alleging in an application to the building inspector pursuant to G. L. c. 40A, § 7, that Masconomo was conducting a commercial quarry operation on the site in violation of the local zoning by-law. The building inspector declined to act, and his decision was affirmed by the board of appeals (board). On appeal a Superior Court judge granted Masconomo summary judgment on the mistaken view that the board had no jurisdiction over the particular operation in question because an earth removal by-law, rather than the zoning by-law, controlled the activity.

In *Toda* v. *Board of Appeals of Manchester,* 18 Mass. App. Ct 317 (1984), this court reversed, holding that the board had jurisdiction to entertain the abutter's request to halt Mas-

---

[4] By its nature, the Atwater Avenue site is rocky and irregular. Any development or construction would entail extensive site preparation over an extended period of time.

[5] See the appendix for the text of § 4.4.

conomo's rock quarrying operations.[6] The matter was reheard by the board in November, 1984. The board, in a decision issued December 20, 1984, determined that there was a zoning violation and instructed the building inspector to command Masconomo to "cease all operations in the limited commercial district that entail sales, crushing, blasting and/or any other type of earth removal."

Masconomo appealed the board's order by timely filing of a complaint in Superior Court pursuant to G. L. c. 40A, § 17. This action is still pending. Ten months after the board's order and nine months after filing its complaint, Masconomo sought in the Superior Court injunctive relief from the board's order. Upon denial, Masconomo took an appeal, pursuant to G. L. c. 231, § 118, second par. Pending decision of that appeal under the second paragraph of § 118, Masconomo, pursuant to § 118, first par., and Mass.R.A.P. 6(a), as appearing in 378 Mass. 930 (1979), sought injunctive relief from a single justice of this court. The single justice (see *Rollins Environmental Servs., Inc.* v. *Superior Court*, 368 Mass. 174, 179 [1975]; *Packaging Indus. Group, Inc.* v. *Cheney*, 380 Mass. 609, 614 [1980]) enjoined the town "from interfering with earth removal operations, including, but not limited to, blasting, by Masconomo . . ., pending resolution of Masconomo's appeal under the second paragraph of G. L. c. 231, § 118."[7] The propriety of the trial court order denying injunctive relief is the pivotal issue in this consolidated appeal.[8]

---

[6] "Municipalities may regulate earth removal through their zoning . . . by-laws . . . [or] through a general by-law . . . ." *Toda* v. *Board of Appeals of Manchester,* 18 Mass. App. Ct. at 319.

[7] In April, 1986, Masconomo resumed its earth removal operations, including blasting.

[8] The town boards and various abutters have appealed from the order of the single justice under G. L. c. 231, § 118, second par. As their appeal was filed on the thirty-first day from the date of entry, there is an issue of timeliness. See Mass.R.A.P. 4(a), as amended, 395 Mass. 1110 (1985). The four appeals of Masconomo and the boards' appeal were ordered consolidated by a single justice on June 13, 1986, with no reference to the timeliness of the boards' appeal. It is not necessary for us to discuss this

The familiar general rule for issuing preliminary injunctions is set forth in *Packaging Indus. Group, Inc.* v. *Cheney,* 380 Mass. at 615-618. See Leubsdorf, The Standard for Preliminary Injunctions, 91 Harv. L. Rev. 525 (1978). When the dispute is not between private parties, however, the court also should consider the risk of harm to the public interest. See *Brookline* v. *Goldstein,* 388 Mass. 443, 447 (1983); *Commonwealth* v. *Mass. CRINC,* 392 Mass. 79, 88-89 (1984). Our task here is to "decide whether the [trial] court applied proper legal standards and whether there was reasonable support for its evaluation of factual questions." *Egbert* v. *Freedom Fed. Sav. & Loan Assn.,* 14 Mass. App. Ct. 383, 387 (1982), quoting from *Packaging Indus. Group, Inc.* v. *Cheney,* 380 Mass. at 615. See *Edwin R. Sage Co.* v. *Foley,* 12 Mass. App. Ct. 20, 25-26 (1981). If there is a supportable legal basis for the trial court's action, we will not reverse. *Westinghouse Bdcst. Co.* v. *New England Patriots Football Club, Inc.,* 10 Mass. App. Ct. 70, 75 (1980). Finding such a supportable basis, we conclude that the trial judge did not abuse his discretion in denying Masconomo injunctive relief.

Section 4.4 of the Manchester zoning by-law, set out in the appendix, requires that a landowner obtain both a special permit and site plan approval for all uses in the limited commercial district. Masconomo argues that the entire § 4.4 of the by-law is facially invalid for the reasons stated by this court in *SCIT, Inc.* v. *Planning Bd. of Braintree,* 19 Mass. App. Ct. 101, 107 (1984). In that case Braintree's requirement of a special permit for all proposed development in business districts was held void as being contrary to the uniformity and special permit provisions of The Zoning Act. Masconomo's argument is consistent with the view of the single justice that § 4.4 likely would be declared invalid. The single justice stated that:

---

question, however, as this case is being decided on the appeal from the Superior Court's denial of injunctive relief. The order of the single justice was purely temporary in nature, dissolving by its own terms when the appeal from the order of the trial judge is determined. The appeal from the single justice's order, even if timely, is thus now moot.

"[T]here is no lawful right to any use of land within the limited commercial district, unless the landowner first appears as a supplicant before the Board of Selectmen. Because [that] portion of the by-law governing the limited commercial district is invalid, the status of the geographical area encompassed by the limited commercial district in Manchester is that it is unzoned; no valid restriction applies to that area . . . . [E]verything within the district marked limited commercial is lawful."

So radical a remedy as the complete invalidation of the by-law provision may not be necessary in the instant circumstances. Striking down the special permit requirement may not require invalidating the remainder of the by-law section.[9] On the record before us and on that which was before the motion judge, we think that the zoning in the limited commercial district probably could have been left in place and only the special permit clause struck.[10] In light of the *SCIT* decision, invalidating only a portion of the by-law would be a reasonable solution. See *Green* v. *Board of Appeal of Norwood*, 358 Mass. 253, 258 (1970). Read with the special permit requirement deleted, the remainder of the section setting forth the uses as of right within the limited commercial district as well as the proviso for site plan approval would be valid and enforceable, thereby providing the board of appeals with a basis for determining whether Masconomo's earth removal operations were lawful within the limited commercial district.

There is at least one other reasonable basis on which to find support for partial rather than total invalidity of the by-law provision in question. As § 4.4 of the local zoning by-law deals with several subjects, it may be inferred that the voters at the Manchester town meeting would have, and did in fact, set out

[9] See § 7.7 of the by-law: "Validity: The invalidity of one or more sections, subsections, sentences, clauses or provisions of this By-Law shall not invalidate or impair the By-Law as a whole or any other part hereof."

[10] Our ruling should be taken as tentative in as much as we have only the limited record of the preliminary injunction proceeding, and not a full record of a trial on the merits.

the permitted uses as independent from the requirements for site plan approval and special permits. Cf. *Del Duca* v. *Town Admr. of Methuen*, 368 Mass. 1, 13 (1975). Contrast *Sturges* v. *Chilmark*, 380 Mass. 246, 249 (1980). Invalidation of either of these requirements thus would leave in place a list of permitted uses as of right within the designated district. There thus exist reasonable and proper legal bases on which the trial judge may have reached a conclusion that Masconomo was unlikely to prevail on its claim that the entire limited commercial district was invalid.[11]

Masconomo claims economic loss attributable to the halt in the quarrying activities, the profit from which provides debt service on the investment Masconomo has in the parcel of land until it can be developed into income producing office buildings. This problem can be solved more effectively by a speedy resolution of the merits of all the issues involved, at a full trial, rather than by piecemeal litigation, as Masconomo seems to prefer.[12]

Masconomo's additional claim that it will miss the market for its new offering if site preparation is delayed by a halt to the blasting has a hollow ring to it. Representations by Masconomo as to the time required before construction can begin remain at two years regardless of the fact that "site preparation" operations were resumed in April, 1986, and have continued up to this time. This same two-year projection was given in January, 1986. That the project completion date is no nearer

---

[11] The trial judge also could have distinguished this situation from that confronting the court in *SCIT, Inc.* v. *Planning Bd. of Braintree.* Unlike the situation in Manchester, Braintree was not left with an area in which any use would be permissible. Looking at the whole by-law scheme of the town of Manchester, the same result reached in the *SCIT* decision for Braintree could have been achieved for Manchester by striking only the invalid special permit requirements of § 4.4, leaving in place the remainder of the by-law. The Manchester town meeting of February 3, 1986, did, in fact, do so when it amended § 4.4.

[12] It should go without saying that extensive litigation prior to the resolution of the underlying merits is to be greatly discouraged.

realization makes the argument of time delay causing missed opportunity seem specious.[13]

The town boards, on the other hand, have a strong interest in having their orders and by-laws, reflective of the will of the town, upheld and enforced until a full hearing on the merits determines their validity. Further, the resumption of blasting and earth removal by Masconomo irreversibly alters the land which is the subject of this litigation. Site plan approval with its concurrent advisory component loses its impact when irreversible changes in the land have already occurred.

*Orders of the Superior Court affirmed.*

*Appeal from order of the single justice dismissed.*

APPENDIX.

Section 4.4 of the Manchester zoning by-law
(as amended through May 5, 1984)

4.4 Limited Commercial District:

Within the Limited Commercial District no building, structure, or land shall be used and no building or structure shall be erected or altered, except for the following uses if authorized by special permit issued by the Board of Selectmen in accordance with the provisions of Section 7.5 (Special Permits); in addition, site plan approval is required from the Board of Selectmen or Board of Appeals as provided for in Section 6.5 (Site Plan Approval):

4.4.1 Business and professional offices and office buildings;

4.4.2 Scientific research and development, experimental and testing laboratories;

4.4.3 Light non-nuisance manufacturing, and manufacturing which is incidental to research and experimental laboratories, provided

---

[13] In this regard we agree with the single justice that "Masconomo is a long time away from the market."

that all operations here in 4.4.3 and 4.4.2 above shall be such as to confine disturbing smoke, fumes, dust, odors, and noise to the premises, and that no operations shall constitute a hazard by reason of the potential for fire, explosion, radiation release or other casualty;

4.4.4 Recreational club or facilities operated for profit;

4.4.5 Municipal use;

4.4.6 Any accessory use in an accessory building when completely screened from the abutting streets or lots; and

4.4.7 Accessory off-street parking, open or enclosed, when shielded from view from the abutting streets or lots by appropriate landscaping and when separated from the main building by planting strip of not less than 50 feet.