Donohue, J.
Plaintiff Edwin J. Morales (“Morales”) was suspended from Southbridge High School before the start of his senior year as a result of being charged with numerous felonies arising out of a knife fight. Morales filed this suit to reverse that suspension.
This matter came before the Court on October 21, 1997, for an evidentiary hearing on Morales’ application for a preliminary injunction enjoining defendants from carrying out the suspension and ordering them to allow Morales to enroll in school as a senior. Defendants oppose the application, arguing that Bialy’s decision to suspend Morales was lawful and, as a result, Morales cannot show the necessary likelihood of success on the merits.
For the following reasons, the application is DENIED.
BACKGROUND
Morales is a nineteen-year-old resident of Southbridge, and was due to enter his senior year at Southbridge High School (“SHS’j in September 1997. Morales had been a student-athlete, playing on SHS’s football and basketball teams at various times during his high school years. However, in August 1997, he attended a parly off-campus and became involved in a fistfight. The fight escalated, and Morales allegedly stabbed two other young men (both of them apparently former SHS football players) with a knife. As a result of this fight, Morales was charged in the Dudley District Court with seven felony offenses: five counts of assault and battery with a dangerous weapon, and two counts of assault with intent to maim.
On August 29, 1997, Morales was notified by Dennis Desroches, Assistant Principal of SHS, that he was suspended from SHS effective September 3, 1997, as a result of these felony charges and because principal Joseph Bialy (“Bialy”) had determined that Morales’ presence at SHS would have a “substantial detrimental affect [sic] on the general welfare of the school.” Bialy had heard of the knife fight through its publication in the local newspaper and through others in the community. He had also confirmed through the Southbridge Police Department that charges were indeed pending.
Morales hired present counsel and appealed Bialy’s decision. A hearing was held before JoAnn Austin, Superintendent of the Southbridge Public Schools (“Austin”), on September 16, 1997.[2] Morales, through counsel, cross-examined Bialy and entered evidence including letters from eollege-level athletics programs and a letter from a former teacher. On September 19, 1997, Austin upheld the suspension in its entirety, but also informed Morales that he would be provided with “the opportunity to receive regular education tutoring at a location outside the Southbridge High School.”
On October 10, 1997, Morales filed his complaint, alleging the suspension violated G.L.c. 71 §37H-1/2; the Fourteenth Amendment to the United States Constitution; 42 U.S.C. 1983; and his federal and state due process rights. As remedies for these putative violations, Morales sought monetary relief, a declaratory judgment that the suspension was unlawful, a preliminary injunction enjoining the defendants from carrying out the suspension, and an order expunging the suspension from his academic records. Morales amended his complaint on October 17, 1997.[3]
DISCUSSION
The issuance of a preliminary injunction is within the sound discretion of the judge. GTE Products Corp. v. Stewart, 414 Mass. 721, 722 (1993), citing Packaging Indus. Group, Inc. v. Cheney, 380 Mass. 609, 615 (1980). The familiar standard for the granting of a preliminary injunction, as set forth in Cheney, requires the balancing of the following factors: 1) “the moving party’s claim of injury and chance of success on the merits”; 2) whether the moving party would bear a “substantial risk of irreparable harm if the injunction does not issue”; and 3), the “balancing] of this risk against any similar risk of irreparable harm which *691 granting the injunction would create for the opposing party.... Only where the balance between these risks cuts in favor of the moving party may a preliminary injunction properly issue.” GTE Products Corp., 414 Mass. at 722-23, citing Cheney, 380 Mass. at 617. Further, in cases such as the one sub judicata, where the “dispute is not between [two] private parties, . . . the court also should consider the risk of harm to the public interest.” Biotti v. Board of Selectmen of Manchester, 25 Mass.App.Ct. 637, 640 (1988).
Here, Morales cannot overcome his first hurdle: likelihood of success on the merits. Although Massachusetts courts have yet to construe G.L.c. 71 §37H-1/2, it is apparent to this Court that Bialy did what he was required to do under that statute. General Law c. 71 §37H-l/2 states in pertinent part that:
[u]pon the issuance of a criminal complaint charging a student with a felony... the principal... may suspend such student for a period of time determined appropriate by said principal ... if said principal. . . determines that the student’s continued presence in school would have a substantial detrimental effect on the general welfare of the school.
Morales had been charged with numerous felonies, and Bialy determined that, under all the circumstances,[4] Morales’ presence at SHS would be disruptive and create a potentially volatile situation for the student population as a whole. Bialy’s determination that Morales’ presence at SHS would create a substantial detrimental effect on the school’s general welfare is entitled to deference, for it is Bialy, not this Court, who is charged with maintaining a safe, injury-free educational environment for his students.
Morales relies on Doe v. Superintendent of Schools of Worcester, 421 Mass. 117 (1995), for the proposition that the suspension cannot survive absent a showing of articulable facts and reasons relating to such substantial detrimental effect. In that case, however, the Supreme Judicial Court was interpreting a separate, albeit related, statute: G.L.c. 71 §37H, which provides for expulsion of students found in possession of drugs or weapons. Here, G.L.c. 71 §37H-1/2 requires no such specificity of facts and reasons. Bialy determined that Morales’ return to school after being charged with seven counts of felonious assault would have a substantial detrimental effect on the general welfare of the school, in part because the victims still had friends and relatives at SHS, as did Morales. From the plain language of §37H-1/2, that determination is sufficient.
Bialy complied with the statute, and, accordingly, Morales has not met his burden of showing a likelihood of success on the merits on any of his claims.[5] Unable to overcome his first hurdle, this Court need not reach the remaining issues.
ORDER
It is hereby ORDERED that plaintiff Edwin Morales’ Application for a Preliminary Injunction is DENIED.

 Morales was suspended pursuant to G.L.c. 71 §37H-1/2. This statute provides that a student suspended due to felony charges shall, if he so desires, have a hearing with three (3) days of his request for such a hearing. Here, Morales, through counsel, requested the hearing on September 4, 1997, but the hearing was not held until September 16, 1997. This delay, however, was apparently attributable to conflicts in Morales’ counsel’s schedule (as counsel so acknowledged at the hearing) and not any undue foot dragging by school officials.

 The only evident change was the addition of Morales’ signature under the pains and penalties of peijury, thus verifying the complaint as required for a preliminary injunction to issue. See, Alexander & Alexander, Inc. v. Danahy, 21 Mass.App.Ct. 488, 493-94 (1986) (a preliminary injunction must be based on allegations made on personal knowledge in an affidavit or verified complaint).

 Both victims were former SHS students and football players, and had friends and relatives at SHS. Moreover, Morales’ sister is a current SHS student. The incident was also highly publicized in the Southbridge area.

 As mentioned supra at note 2, the tardiness of the appeal hearing is a nonissue. Morales’ counsel acknowledged that scheduling conflicts on his part also caused the delay, and Morales has not shown this Court any evidence demonstrating that Bialy or Austin delayed the hearing for any other reason.