Toomey, J.
INTRODUCTION
The plaintiffs, Steven Gardner and Janet Laskowski (“Buyers”), have brought this motion for a preliminary injunction pursuant to Mass.R.Civ.P. 65(b). Buyers seek to restrain defendants, Helen Lazure, Alice Poulios and William Bellos (“Sellers”), from selling certain real estate to a third party. Buyers claim that sellers have contracted, through a valid and binding offer to purchase, to sell the real estate at issue to the buyers. For the reasons discussed below, buyers’ motion will be allowed and sellers will be prohibited from transferring, selling or conveying any interest, legal or equitable, in the real property at least until final resolution of the dispute at bar.
BACKGROUND
On October 25, 1999, the buyers signed an offer to purchase (“OTP”) certain real estate located at 16 Marjorie Way, Southbridge, Massachusetts (the “Property”). The sellers accepted the OTP on or about October 25, 1999. The buyers allege that the OTP contained terms that created a legally binding contract between the buyers and sellers for the conveyance of the property to the buyers. The buyers further allege that while the parties were in the process of negotiating the purchase and sale agreement (“P&S”) contemplated by the OTP, the sellers delivered an ultimatum to the buyers. The sellers’ ultimatum required buyers to agree to buy the property “as is” by December 1, 1999, and to sign a P&S, reflecting the “as is” condition, by December 3, 1999. Should buyers not comply with the ultimatum, the deal would be terminated. Although the buyers signed the P&S and tendered the required deposit as sellers had demanded by December 3, 1999, the sellers rejected the buyers’ tender of the deposit funds and refused to sign the P&S.
Buyers filed a Verified Complaint seeking injunctive relief and specific performance requiring the sellers to *240 convey the Property to them. This Court entered a Temporary Restraining Order, enjoining the sellers from transferring, selling or conveying any interest, legal or equitable, in the Property. The buyers now seek like relief in the form of a preliminary injunction.
This Court will grant the buyers’ request for a preliminary injunction because there is a substantial likelihood that the buyers will prevail on the merits of their action for specific performance of the OTP and because a comparison of the irreparable harm to each party demonstrates that the buyers will suffer greater harm should the request for preliminary injunction be denied than will the sellers if the injunction issues.
DISCUSSION
In determining whether to grant a preliminary injunction, this Court will employ the two-stage balancing test set forth in Packaging Indus. Group, Inc. v. Cheney, 380 Mass. 609, 616-17 (1980). See also Planned Parenthood League of Massachusetts, Inc. v. Operation Rescue, 406 Mass. 701, 710 (1990). First, this Court must evaluate “the moving party’s claim of injury and its chance of success on the merits.” Id. at 617. Second, should the moving party be likely to prevail on the merits, the Court will address the relative harm likely to be produced by the grant of equitable relief or by the withholding of such relief. If failing to issue the injunction “would subject the moving party to a substantial risk of irreparable harm,” this Court will balance the risk against any similar risk of irreparable harm which granting the injunction would create for the opposing party. Id. “In the context of a preliminary injunction, the only rights which may be irreparably lost are those not capable of vindication by a final judgment, rendered either at law or in equity. Id. at 617 n. 11. Moreover, in appropriate cases, the court should also consider the risk of harm to the public interest. GTE Products Corp. v. Stewart, 414 Mass. 721, 723. (1993). Commonwealth v. Massachusetts CRINC., 392 Mass. 79, 89 (1984); Biotti v. Board of Selectmen of Manchester, 25 Mass.App.Ct. 637, 640 (1988). A preliminary injunction is a drastic remedy that a court should not grant unless the movant, by a clear showing, carries its burden of persuasion. Charles Wright & Arthur Miller, 11 Federal Practice & Procedure, §2948, at 129-30 (1995). ”If the moving party demonstrates both that the requested relief is necessary to prevent irreparable harm to it and that granting the injunction poses no substantial risk of such harm to the opposing party, a substantial possibility of success on the merits warrants issuing an injunction." Packaging Indus., supra, at 617, n. 12 (citations omitted). With those analytical principles in mind, we now turn to a consideration of the factual allegations and legal arguments presented by the parties with respect to buyers’ request for a preliminary injunction.
I. Substantial Likelihood of Success on the Merits
There is a substantial likelihood that the buyers will succeed on the merits of their case. The law and the evidence reasonably expected to be adduced at trial strongly suggest that the OTP at bar is an enforceable contract.
The Supreme Judicial Court recently held that, where an OTP adequately described the property to be sold and the price to be paid and where the OTP recited that it created binding obligations, the OTP was a binding contract, despite a provision contemplating a later execution of a P&S. McCarthy v. Tobin, 429 Mass. 84 (1999). The facts in the case at bar are similar to those of McCarthy. In McCarthy, as in the case at bar, the parties signed a preprinted OTP that provided a description of the property, the price to be paid, the respective names of the buyers and sellers, the deposit requirements, limited title requirements and the time and place for closing. The OTP in McCarthy, as the OTP in the case at bar, contained language providing for the later execution of a P&S between the parties, to wit, the transaction was “Subject to a Purchase and Sale agreement satisfactory to Buyer and Seller.” McCarthy, 429 Mass at 85. If that articulation of a future event did not erode the contractual quality of the OTP in McCarthy, there is no reason to suggest that it so erodes the OTP at bar.
Furthermore, the conduct of the seller’s attorney in the case at bar mirrored the conduct of the seller’s attorney in McCarthy in that he omitted to forward a first draft of the P&S until after the deadline stated in the OTP. Additionally, both the parties in McCarthy and the parties in the case at bar continued to negotiate the terms of the P&S agreement beyond the date provided in the OTP. Finally, the OTP in McCarthy and the OTP in the case at bar both contained conspicuous, functionally identical language placing the parties to the OTP on notice as to the legal effect of the instrument.[1] The OTP executed between the parties in the case at bar provided: “THIS IS A LEGALLY BINDING DOCUMENT.” “IF YOU DO NOT UNDERSTAND IT, CONTACT YOUR ATTORNEY.” In sum, the instant case is factually “on all fours" with the McCarthy precedent.
McCarthy held that the OTP was a legally binding instrument. McCarthy, 429 Mass. at 88. Because the facts in the case at bar are indistinguishable from the facts of McCarthy, this Court finds that the buyers in the case at bar will likely obtain the same relief as did the buyers in McCarthy. The instant buyers thus have a substantial likelihood of prevailing on the merits of their specific claim.
II. Balance of Harms
The balance of harms weighs heavily in the buyers’ favor. Real property is unique and money damages are inadequate to redress a deprivation of an interest in land. McCarthy v. Tobin, 429 Mass. at 89. Thus, if the *241 buyers’ request for preliminary injunction is not granted by this Court, the buyers will be left with an inadequate damages remedy at law. The harm to the buyers, should an injunction be denied them, would be irreparable and will visit far more injury to the buyers than will be experienced by the sellers should injunctive relief be granted.
ORDER
For the foregoing reasons, plaintiff-buyers’ motion for preliminary injunction prohibiting the defendant-sellers from transferring, selling or conveying any interest, legal or equitable, in the real property located at 16 Marjorie Way, Southbridge, Massachusetts, is ALLOWED.

The OTP in McCarthy provided: “THIS IS A LEGAL DOCUMENT THAT CREATES BINDING OBLIGATIONS. IF NOT UNDERSTOOD, CONSULT AN ATTORNEY."