van Gestel, J.
This matter comes before the Court on a motion by the plaintiffs seeking an Order by way of a preliminary injunction compelling the Commonwealth of Massachusetts (the “Commonwealth”) to take certain action in connection with claim notices *352 under G.L.c. 118E, Sec. 32. The Commonwealth resists.
The underlying case is a putative class action on behalf of the estates of Massachusetts residents who received Medicaid benefits and died of smoking-related illnesses. The Commonwealth, through its Division of Medical Assistance (“DMA”), operates an “Estate Recovery Program” under which it seeks to recover from eligible estates amounts paid to decedents under the Medicaid program. The plaintiffs, as putative class representatives, are executors or administrators of estates of person who died of smoking-related illnesses and whose decedents received Medicaid benefits.
The plaintiffs allege in their complaint that the Commonwealth, when it joined in the massive settlement of claims against the tobacco industry, in effect was recouping, at least in major part, monies it had paid out to Massachusetts recipients of Medicaid like the plaintiffs’ decedents who died of smoking-related illnesses. Consequently, the plaintiffs claim that the Commonwealth should not now be able to also collect for reimbursement from the plaintiffs’ estates — and a class of such estates — for the same payments.[1] Again, the Commonwealth denies that the settlement money it is currently receiving, in huge amounts, from the tobacco settlement is reimbursement for the Medicaid payments in issue.
No class has yet been certified. Indeed, the certification process has been deferred, in part at least, at the request of the Commonwealth while this Court considers its motion to dismiss under Mass.R.Civ.P. Rule 12.
G.L.c. 118E, Sec. 32 directs a form of notice by the Commonwealth to the estate of any deceased who received Medicaid payments. The notice is a claim against the estate that becomes deemed allowed if the executor or administrator fails to mail a notice to the DMA denying the claim within sixty days after presentation.
In its answer in this action, and presumably in any other action or in claims by class members if the class herein is certified, the Commonwealth has pled as an affirmative defense that the plaintiffs “have waived any right to recovery of Medicaid benefits by not raising their objections within the time permitted by G.L.c. 118E, Sec. 32.”
It is for the foregoing reasons that the plaintiffs here seek an order that, among other things, the Commonwealth be required to include in any future c. 118E, Sec. 32 notices information regarding this case, including the names of plaintiffs’ counsel and other information. The argument by the plaintiffs is that without such notice, estates of persons who died of smoking-related illnesses and who received Medicaid benefits may lose their rights to contest such claims by not being made aware that such a possibility exists.
This Court recognizes the burden upon a party seeking preliminary injunctive relief. In order to prevail on their request for preliminary injunctive relief, the plaintiffs bear the burden of showing: their likelihood of success on the merits; that they will suffer irreparable harm if the injunctive relief sought is not granted; and that their harm, without the injunction, outweighs any harm to the Commonwealth from being enjoined. GTE Products Corp. v. Stewart, 414 Mass. 721, 722-23 (1993); Packaging Indus. Group, Inc. v. Cheney, 380 Mass. 609, 616-17 (1980). Further, the Court must determine whether the granting of a preliminary injunction will promote or adversely affect the public interest. Commonwealth v. Mass. CRINC, 392 Mass. 443, 447 (1983); Biotti v. Board of Selectmen of Manchester, 25 Mass.App.Ct. 637, 640 (1988).
Given the pendency of the undecided motion to dismiss, the Court can hardly say that the plaintiffs have met their burden. At the same time, the fault is not theirs but rather comes from the fact that the Court’s business has not permitted it to determine that motion yet. Even then, the Commonwealth is sure to argue that merely denying a motion to dismiss — if that occurs — is not the same as determining a likelihood of success.
At the same time, requiring a brief notice to be included within what is in actuality a pre-printed form is hardly burdensome on the Commonwealth, particularly when making a claim against a decedent’s estate. The question of the public interest usually has a negative effect on a claim for a preliminary injunction against an agency of government. When the interest to be protected, however, is that of the public itself against its own government, it would appear that the public interest may well be promoted by the relief sought.
The Court is not unaware that it ought to proceed with care in compelling what might be considered class relief before any class is certified. See, e.g., Massachusetts Coalition for the Homeless v. Secretary of Human Servs., 400 Mass. 806, 822 (1987). At the same time, directing a minor modification in a form of claim notification that merely alerts the parties notified that there may be a basis to contest the claim hardly seems to fall within the category of granting class relief. Notices alerting parties to rights of appeal or to contest issues in matters determined by administrative agencies are routine.
ORDER
For the foregoing reasons this Court directs the Commonwealth of Massachusetts acting through its Division of Medical Assistance to include in some conspicuous place in all notices of claims pursuant to G.L.c. 118E, Sec. 32 the following:
There is a lawsuit pending in the Suffolk County Superior Court entitled Lopes, et al. v. Commonwealth of Massachusetts, docket No. 01-1337 BLS, in which a purported class is seeking reimburse *353 ment from the Commonwealth on behalf of estates of.Medicaid recipients who died of smoking-related illnesses. To obtain information about the suit: if the last name of your decedent begins with the letters A through M, you may contact Attorney Albert L. Farrah, Jr., Corwin and Corwin, LLP, One Washington Mall, Boston, MA 02108, (617) 742-3420; or if the last name of your decedent begins with the letters N through Z, you may contact Attorney Louis Massery, Massery & Gillis, LLP, 101 Merrimac Street, Boston, MA 02114, (617) 523-1125. Please do not contact the court.
This Order shall take effect with regard to all notices sent by the DMA on or after January 28, 2002, and shall remain in effect until further Order of this or some appellate court.

 The Court recognizes that this is a singularly simple description of a complicated case. For the purposes of this memorandum, however, it seems adequate.