Donohue, J.
The plaintiffs, Heath and Tara Carey (“the Careys”) brought this action to enjoin the State Fire Marshall and the Department of Telecommunications and Energy (“DTE”) from proceeding with their investigation of the cause and origin of a fatal explosion of the Carey’s home on July 24, 2002. Plaintiffs also seek discovery orders from the court requiring the state defendants to involve them in the viewing, testing and inspection of the evidence and equipment removed from the scene of the explosion by the state defendants. The Careys argue that they will be prejudiced in their efforts to determine the cause of the explosion if not allowed to participate in the testing process. For the reasons set forth below, after a hearing held on Thursday, August 15, 2002, plaintiffs’ motion for a preliminary injunction is DENIED.
DISCUSSION
G.L.c. 148
Pursuant to G.L.c. 148, §3, the State Fire Marshall is charged with investigating all fires and explosions of suspicious origin. The statute states, in relevant part:
The marshal shall investigate or cause to be investigated the circumstances of all fires or explosions of suspicious origin of which he has notice, and may investigate or cause to be investigated the circumstances of any fire or explosion occurring anywhere within the commonwealth ... If, upon such investigation, the marshal, or person so designated, believes that the evidence is sufficient to charge any person with crime, he shall make a complaint therefore, and shall furnish the proper officers with the evidence and names of witnesses obtained by him.
Once the Fire Marshal has concluded his investigation into the cause and circumstances of an explosion or fire, and no criminal prosecution has been initiated, the results of such investigation are open to public inspection. See G.L.c. 148, §2.
Preliminary Injunction Standard
The criteria for issuance of a preliminary injunction are that the moving party must show a likelihood of success on the merits of its claim and that absent a preliminary injunction, the moving party will suffer irreparable harm. Packaging Industries Group, Inc. v. Cheney, 380 Mass. 609, 616-17 (1980); GTE Products Corp. v. Steward, 414 Mass. 721, 722-23 (1993). If the standard is met, the court must then balance the risk of irreparable harm to the moving party against any similar risk of irreparable harm which granting the injunction would create for the opposing party. Packaging Industries Group Inc. v. Cheney, supra, at 617. “In the context of a preliminary injunction, the only rights which may be irreparably lost are those not capable of vindication by a final judgment, rendered either at law or in equity.” Id. at 617 n.11. Where the dispute is not between private parties, the court should also consider the risk of harm to the public interest. Commonwealth v. Mass. CRINC, 392 Mass. *181 79, 89 (1984); Biotti v. Selectmen of Manchester, 25 Mass.App.Ct. 637, 640 (1988).
A.Plaintiffs’ Likelihood of Success on the Merits
In this case, the plaintiffs have not shown a reasonable likelihood of success on the merits. More specifically, the plaintiffs have not established a reasonable likelihood of proving that they are entitled to participate or oversee the testing of evidence in the investigation by the State Fire Marshal and the DTE. G.L.c. 148, §3 is clear in its directive to the Fire Marshal to conduct the investigation and provides no basis for participation from private parties. The investigation into whether criminal conduct was involved in the explosion cannot properly be conducted according to law if any interested party is allowed to intervene in the process. The statute does provide, however, that after criminal involvement is ruled out, the report will be available for inspection by any party of interest. See G.L.c. 148, §2.
B.Plaintiffs’ Risk of Irreparable Harm and Public Interest
The Careys suggest that they will suffer irreparable harm if they are not allowed to join in the investigation if the testing done is destructive in nature. Affidavits filed by the Commonwealth from the State Police, which oversees the unit responsible for investigations into fires and explosions, and from the commanding officer of the State Fire Marshall’s office indicate that after the criminal investigation is completed, their respective offices will work with the interested parties in making available the physical evidence and the reports and findings of the investigators. Such a procedure will ensure that the Careys will be granted access to the materials that they now seek, together with the conclusions of the investigators, and may then, if they choose, participate in the investigation for their own purposes.
In weighing harm to the public interest, the issuance of an injunction would clearly jeopardize the function of the investigation, which has not yet excluded the possibility of criminal conduct, and possibly interfere with a proper determination of the cause of the explosion. See Commonwealth v. Mass. CRINC, supra; Town of Brookline v. Sullivan, 388 Mass. 443, 447 (1983). Where both the Careys and the state defendants acknowledge the importance of a properly conducted, unbiased investigation, given the unspeakable losses that the Carey family has had to endure, the issuance of an injunction preventing or possibly hindering such an investigation would adversely affect the public interest.
C.Balance of the Harms
The court is required to balance the risk of irreparable harm to the parties in light of each party’s likelihood of success on the merits. Planned Parenthood League of Massachusetts, Inc. v. Operation Rescue, 406 Mass. 701, 710 (1990). The court must then balance the harms that would result from the issuance of the injunction. Packaging Industries Group, Inc. v. Cheney, supra, at 617. Only where the balance of those harms clearly weighs in the plaintiffs favor may an Injunction properly issue. Planned Parenthood League of Massachusetts, Inc. v. Operation Rescue, supra.
The criminal investigation would be impeded if all interested parties were allowed to participate while the Careys will have access, absent a finding by the investigators of criminal conduct, to the evidence and reports at a later date. Accordingly, in balancing the harms, and in consideration of the public interest in determining the cause and origin of such explosions, the plaintiffs have failed to show they are entitled to preliminary relief.
ORDER
For the foregoing reasons, it is hereby ORDERED that the ex parte temporary restraining order issued in this case on August 9, 2002 be dissolved; it is further ORDERED that plaintiffs’ motion for a preliminary injunction be DENIED.